# IN THE COURT OF APPEALS OF IOWA

No. 21-0616
Filed June 30, 2021

IN THE INTEREST OF S.S.,
Minor Child,

M.S., Mother,
      Appellant.

_____


      Appeal from the Iowa District Court for Wapello County, William Owens,

Associate Juvenile Judge.


      The mother appeals the termination of her parental rights.  **AFFIRMED.**


      Patricia J. Lipski, Washington, for appellant mother.

      Thomas J. Miller, Attorney General and Michelle R. Becker, Assistant

Attorney General, for appellee State.

      Sam K. Erhardt, Ottumwa, attorney and guardian ad litem for minor child.


      Considered by Bower, C.J., and Tabor and Greer, JJ.

**GREER, Judge.**

The mother appeals the termination of her parental rights to her child, S.S., who was born in 2020.[1] The juvenile court terminated the mother's rights pursuant to Iowa Code section 232.116(1)(e), (g), and (h) (2021). Here, the mother argues (1) the State failed to make reasonable efforts to reunify her with the child and (2) termination is not in S.S.'s best interests so the court should have utilized another permanency option, such as guardianship with a relative. Our review of termination proceedings is de novo. *In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021).

The mother concedes the State proved the statutory grounds for termination, and she agrees S.S. could not be returned to her care at the time of termination hearing. Still, she argues the State failed to make reasonable efforts to reunite her with the child and claims she should get more time to engage in services "to assist her to work toward reunification with her child." Each of the statutory grounds relied on by the juvenile court here implicate the reasonable-effort requirement. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000); *In re L.M.*, 904 N.W.2d 835, 839–40 (Iowa 2017); *see also* Iowa Code § 232.102(7) ("If the court orders the transfer of the custody of the child to the department of human services . . . the department . . . shall make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child."). But—in spite of the mother's contention otherwise[2]—we have not

---

[1] The father's parental rights were also terminated; he does not appeal.
[2] In her petition on appeal, the mother claims she preserved error on her reasonable-efforts argument

> [b]y testimony, argument, and case plan information during both the [child-in-need-of-assistance] and [termination] cases. Mother requested additional visitation, relatives/alternative supervisors for

found anywhere in the record where the mother raised the issue of reasonable efforts with the juvenile court. "Although DHS must make reasonable efforts in furtherance of reunification, . . . parents have a responsibility to object when they claim the nature or extent of services is inadequate." *L.M.*, 904 N.W.2d at 839–40. "The failure to request different or additional . . . services in the juvenile court precludes [the mother's] challenge to services on appeal." *In re O.T.*, No. 18-0837, 2018 WL 3302167, at *2 (Iowa Ct. App. July 5, 2018). We do not consider the mother's claim the State failed to meet its reasonable-efforts mandate.

Insofar as the mother makes a separate request for more time to work toward reunification, we consider that request under section 232.104(2)(b), which

---

visits, transportation assistance, and numerous other services to assist her with reunification efforts, and to allow her to demonstrate that the conditions that led to the child's removal no longer existed. These services were not provided, and the court ordered termination. Mother timely appealed from the termination/permanency review order.

The only proceeding for which we have a transcript is the termination hearing, and it is silent on the issue of reasonable efforts. (And would have been too late to first raise the issue anyway). *See L.M.*, 904 N.W.2d at 804 ("A parent's objection to the sufficiency of services should be made 'early in the process so appropriate changes can be made.' 'In general, if a parent fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding.'" (citation omitted)); *see also In re L.M.W.*, 518 N.W.2d 804, 807 (Iowa Ct. App. 1994) ("It is too late to challenge the service plan at the termination hearing."). And as we have repeatedly said before, any requests the mother may have made to the Iowa Department of Human Services is not enough to preserve error. *See, e.g., In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002) ("[V]oicing complaints regarding the adequacy of services to a social worker is not sufficient. A parent must inform the juvenile court of such challenge."). Plus, filing an appeal is not how error is preserved. Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice,* 55 Drake L. Rev. 39, 48 (2006) ("However error is preserved, it is not preserved by filing a notice of appeal. While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." (footnote omitted)).

requires that the court find the need for removal would be eliminated at the end of six months to give the parent more time. We cannot do that here. S.S. was born in February 2020, and her umbilical cord tested positive for methamphetamine and amphetamines at that time. The mother did not consistently engage in substance-abuse treatment, and she continued to test positive for methamphetamine, including on April 12, 2021, when she gave birth to twins. The termination hearing for S.S. took place about a week later. As of that time, the mother had not visited S.S. in nearly four months. She also failed to attend or participate in the termination hearing, and her attorney was unable to explain the mother's absence. The mother's ongoing use of methamphetamine and her months-long lack of involvement with S.S. convince us that S.S. could not be returned to the mother's care in an additional six months.

Finally, the mother argues termination of her rights is not in S.S.'s best interests so the juvenile court should have placed S.S. in a guardianship with a family member in lieu of termination. *See* Iowa Code §§ 232.104(2)(d)(1) (allowing for transferring of "guardianship and custody of the child to a suitable person"), .117(5) (authorizing the court, following a termination hearing, to enter an order in accordance with section 232.104 in lieu of terminating parental rights). Guardianships are not a legally-preferred alternative to termination of parental rights. *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018). This is true, at least in part, because guardianships by their nature require continuing court involvement and can be modified, causing the child some amount of ongoing uncertainty and instability. *See id.* And here, it is unclear who the mother believes should have been named as S.S.'s guardian, so we cannot evaluate the health and maturity of

the mother's relationship with that person to consider whether it supports a guardianship. *Cf. id.* The juvenile court concluded a guardianship was not the best option for S.S. "given the age of the child, the length of time the child has been removed, parents' lack of substantial progress toward reunification, and the availability of other viable permanency options." We agree with this reasoning. Termination is the best option to give S.S. the safe, stable home she deserves. *See In re H.S.,* 805 N.W.2d 737, 748 (Iowa 2011) (identifying the "child's safety and his or her need for a permanent home as the defining elements in a child's best interests" (citation omitted)).

We affirm the termination of the mother's parental rights.

**AFFIRMED.**